**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

Plaintiff,

v. No. 2:26-cv-01611-DHU-JHR

STEPHEN EATON and
EATON FAMILY LAW,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, asserted claims for deprivation of civil rights and conspiracy pursuant to 42 U.S.C. § 1983, and claims pursuant to state law for malicious abuse of process, defamation, fraud, and violation of the New Mexico Civil Rights Act based on Defendants' actions in a state court case. *See* Complaint at 1, Doc. 1, filed May 19, 2026. Plaintiff stated Defendants, a private attorney and law firm, were appointed as guardian ad litem to represent Plaintiff in the state court case. *See* Complaint at 2.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that the Complaint failed to state a claim for deprivation of civil rights pursuant to 42 U.S.C. § 1983 and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 5, filed May 26, 2026. Plaintiff filed a combined Amended Complaint and Response to Order to Show Cause. *See* Doc. 6, filed June 1, 2026 ("Amended Complaint").

After Plaintiff filed her Amended Complaint, Defendant Stephen Eaton filed a Motion to Dismiss. *See* Motion to Dismiss, Doc. 10, filed June 26, 2026. Plaintiff filed a Response, Doc. 11, filed June 30, 2026, and filed a Motion in Request for a Trial, Doc. 13, filed August 13, 2026. The Court addresses Plaintiff's Amended Complaint before addressing Defendant Eaton's Motion to

Dismiss. *See* 28 U.S.C. § 1915(e)(2) ("the court *shall dismiss the case* at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted") (emphasis added).

**Order to Show Cause**

United States Magistrate Judge Jerry H. Ritter notified Plaintiff:

> The Complaint fails to state a claim for deprivation of civil rights pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants Stephen Eaton and Eaton Family Law were acting under color of state law. *See DiCesare v. McAnally*, 657 Fed.Appx. 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)); *Dunn v. Harper County*, 520 Fed.Appx. 723, 725-726 (10th Cir. 2013) (stating "[I]t is well established . . . public defenders [do not] act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant") (*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)). The Complaint contains conclusory allegations that Defendants violated Plaintiff's rights but does not clearly explain which specific federally-protected rights Plaintiff believes each Defendant violated. *See* Complaint at 9-11 (stating Defendants "violated plaintiff['s] Constitutional rights" and "violated the Constitutional Rights Guaranteed to Plaintiff by the Fourteenth Amendment of the United States Constitution").
>
> The Complaint also fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983. To state a Section 1983 conspiracy claim, a plaintiff must allege "specific facts showing an agreement ["upon a common, unconstitutional goal"] and concerted action ["taken to advance that goal"] among defendants." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022). Plaintiff makes vague, conclusory allegations that Defendants conspired with others. *See* Complaint at 2 ("Defendants' misconduct with 'People' in Conspiracy and Knowledge of the area of law, used the 'power of Authority' assigned in Duties for the State Court"), at 4 ("in Complicity of 'People' in Participation and Conspiracy with Defendant Stephen Eaton and Eaton Family Law") at 9 (Defendants "conspired," "Carrying out their conspiracy, Defendants were driven by ill motives and to accomplish illegitimate ends"). Plaintiff has not, however, alleged specific facts showing that Defendants agreed with state actors to deprive Plaintiff of her constitutional rights and acted in concert with state actors to advance that goal.

Order to Show Cause at 2–4, Doc. 5, filed May 26, 2026. Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause at 6.

Plaintiff filed a combined Amended Complaint and Response to Order to Show Cause. *See* Doc. 6, filed June 1, 2026 ("Amended Complaint"). The Amended Complaint asserts claims for violation of procedural due process in state court, conspiracy, and malicious abuse of process pursuant to 42 U.S.C. § 1983, and claims pursuant to state law including defamation, spoliation, and malicious abuse of process. *See* Amended Complaint at 4-8. Plaintiff states she "never requested a [guardian ad litem] or any representation [by] the Defendants" and "never signed any document that authorized any representation" by Defendants. Amended Complaint at 5. Plaintiff alleges there was a "conspiracy to cause violation of rights" between Defendants and other attorneys in the state-court case, a "conspiracy," "complicity of attorneys," and that Defendants acted "in complicity" with others. *See* Amended Complaint at 5-7, 9-10, 13-14.

The Amended Complaint fails to state claims pursuant to 42 U.S.C. § 1983. Judge Ritter notified Plaintiff that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Order to Show Cause at 3 (quoting *DiCesare v. McAnally*, 657 F. App'x. 800, 802 (10th Cir. 2016) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981))). Plaintiff has not cited any legal authority showing that Defendants, by representing Plaintiff in state-court proceedings, were state actors under Section 1983. Judge Ritter also notified Plaintiff that to state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants." Order to Show Cause at 3-4 (quoting *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022)). The Amended

Complaint contains vague, conclusory allegations that Defendants conspired with others, but does not allege specific facts showing that Defendants agreed with others to deprive Plaintiff of her constitutional rights and that Defendants acted in concert with others to advance that goal.

Having determined that the Amended Complaint fails to state federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Defendant Eaton's Motion to Dismiss**

Defendant Stephen Eaton filed a Motion to Dismiss which asserts in its entirety:

> 1. The facts and allegations of the Complaint are all related to Defendant's role as Court Appointed Guardian Ad Litem in Plaintiff's New Mexico divorce case, Third Judicial District Court Cause No D-307-2021-00100.
>
> 2. Defendant was appointed as Guardian Ad Litem by Order entered on 9/6/2024.
>
> 3. The appointment was made pursuant to New Mexico State Rule 1-053.3 NMRA.
>
> 4. That Order granted immunity to Defendant for his official duties as an arm of the Court.
>
> 5. Under New Mexico Law, a guardian ad litem appointed pursuant to Rule 1-053.3 NMRA is protected by absolute quasi-judicial immunity from suit arising from the performance of the guardian ad litem's duties unless the guardian ad litem's alleged tortuous conduct is clearly and completely outside the scope of the guardian ad litem's appointment. *Kimbrell v. Kimbrell*, 2014-NMSC-027, rev'g 2013-NMCA-070, 306 P.3d 495.
>
> 6. Further, pursuant to New Mexico Law, the custody court that appointed the guardian ad litem is the appropriate court to determine whether the guardian ad

> litem's alleged misconduct arose from acts clearly and completely outside the scope of the appointment. *Kimbrell v. Kimbrell*, 2014-NMSC-027, rev'g 2013-NMCA-070, 306 P.3d 495.
>
> 7. Plaintiff has only asserted claims related to Defendant's undertaking his duties within the scope of his appointment as Guardian Ad Litem in the divorce Case.
>
> 8. If she had asserted claims that Defendant's acts were from conduct "clearly and completely outside the scope of the appointment", *Id.*, then those issues should be determined by the New Mexico Court that appointed Defendant.
>
> 9. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

Motion to Dismiss at 1-2, Doc. 10, filed June 26, 2026. Plaintiff opposes Defendant Eaton's Motion to Dismiss for two reasons. First, Plaintiff, who is over age 18, asserts that a guardian ad litem may only be assigned for individuals under age 18 and that "[i]mmunity cannot be valid for Defendant, [a]n 'Arm to the Court' for a Mistake in a State Court." Response at 3-4. Second, Plaintiff asserts that Defendants did not act in their legal capacity or within their official functions by reporting false information to the state court. *See* Response at 3, 5-13.

The New Mexico Rule governing appointment of a guardian ad litem provides in relevant part:

> **A. Appointment.** In any proceeding when custody of a minor child is contested under Chapter 40, NMSA 1978 the court may appoint a guardian *ad litem* on the court's motion or upon the motion of any party, as set forth in this rule. The guardian *ad litem* serves as an arm of the court and assists the court in discharging its duty to adjudicate the child's best interests.

N.M.R.A. 1-053.3. The New Mexico Supreme Court has stated, "We hold that a Rule 1–053.3 guardian ad litem is protected by absolute quasi-judicial immunity from suit arising from the performance of his or her duties unless the guardian ad litem's alleged tortious conduct is clearly and completely outside the scope of his or her appointment." *Kimbrell v. Kimbrell*, 2014-NMSC-027, ¶ 2. The New Mexico Supreme Court has also stated:

> The appointing court is in the best position to determine whether the guardian ad litem has clearly and completely acted outside the scope of his or her appointment. Therefore, a parent concerned about potential misconduct by the guardian ad litem must bring the matter to the attention of the appointing court, which is also the custody court.

*Kimbrell v. Kimbrell*, 2014-NMSC-027, ¶ 17.

The Court grants Defendant Eaton's Motion to Dismiss. Plaintiff has not cited any legal authority that supports her assertions that Defendant Eaton was improperly appointed as guardian ad litem and that a guardian ad litem who has been improperly appointed is not entitled to immunity. Nor has Plaintiff cited any legal authority that supports her assertions that false statements by a guardian ad litem show that a guardian ad litem clearly and completely acted outside the scope of his appointment or that this Court has authority to determine whether Defendant Eaton clearly and completely acted outside his appointment. The Court will not search for legal authority supporting Plaintiff's arguments. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advance"); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

**Plaintiff's Motion for a Trial**

Plaintiff seeks a trial on the grounds that Defendants received money from and supported Cale Robertson, who is Plaintiff's husband and one of the parties in a divorce proceeding in state court and who allegedly committed terrorism in the United States and is a leader of a criminal organization. *See* Motion for Trial at 1-3.

The Court denies Plaintiff's Motion for a trial because the Court is dismissing this case and because private citizens cannot compel enforcement of criminal law. *See Kelly v. Rockefeller*, 69

F. App'x. 414, 415-416 (10th Cir. 2003) ("[C]riminal statutes do not provide for private civil causes of action.") (citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).

**IT IS ORDERED** that:

(i) Plaintiff's claims against Defendant Eaton Family Law are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2).

(ii) Defendant Stephen Eaton's Motion to Dismiss is **GRANTED.** Plaintiff's claims against Defendant Stephen Eaton are **DISMISSED with prejudice**.

(iii) This case is **DISMISSED**.

(iv) Plaintiff's Motion in Request for a Trial, Doc. 13, filed August 13, 2026, is **DENIED**.

**UNITED STATES DISTRICT JUDGE**